Ex parte John B. DUGGAN, Attorney for the Plaintiff, Petitioner,

In re Shirley A. ROACH, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. A. No. 78–0024.

United States District Court, D. South Carolina, Greenville Division.

May 3, 1982.

John B. Duggan, Greer, S. C., for plaintiff, and for himself, as petitioner.

William A. Coats, and James D. McCoy, III, Asst. U. S. Attys., Greenville, S. C., for defendant.

## ORDER

HAWKINS, District Judge.

This matter comes before the Court pursuant to a Petition filed by counsel for the Plaintiff wherein counsel seeks approval of his attorney fees for his professional services rendered on behalf of the Plaintiff in this action.

On August 1, 1979, the Court issued its Order reversing the final administrative decision of the Social Security Administration denying the Plaintiff's claim for Social Security disability insurance benefits. Subsequently, upon remand, the Plaintiff's claim was awarded commencing with an onset date of disability of January 7, 1977.

Thereafter, counsel filed his Petition seeking approval of his attorney fees in the amount of $7,492.52 which constitutes twenty-five (25%) percent of the accrued benefits awarded to the Plaintiff and her dependents and currently being withheld by the Social Security Administration pending adjudication of this matter before the Court.

In *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978), the Fourth Circuit Court of Appeals set out twelve factors to be considered in determining the amount of the award of attorneys' fees. These factors include: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

In addition, in *McKittrick v. Gardner*, 378 F.2d 872 (4th Cir. 1967), the Court also pointed out that where counsel was employed based upon a contingency fee contract, then the contingency of the fee is an additional factor to be considered.

An analysis of these factors as they apply to the circumstances in the instant case follows:

(1) *Time and labor expended* : Counsel expended a total of one hundred eighteen (118) hours before the Court and the Social Security Administration on behalf of the Plaintiff. Thus, on an hourly basis, counsel is seeking approval of a fee which amounts to $63.50 per hour. The Court considers a fee of $63.50 per hour for counsel in litigation of this nature more than reasonable.

(2) *Novelty and difficulty of the questions raised* : The Plaintiff suffered from a complex combination of psychiatric, musculoskeletal, urinary tract, and neurological impairments. The proof of disability based upon this combination of impairments was difficult which is reflected in the fact that the Social Security Administration denied the claim initially through all four administrative reviews.

(3) *Skill required to properly perform the legal services rendered* : Only a few members of the Bar handle Social Security disability claims. Counsel must familiarize himself with applicable statutes, regulations, procedures, policies, evidentiary rules and case law which is peculiar only to this area of law. Also essential to a proper handling of these cases is a thorough working knowledge of medical issues and vocational factors. Thus, the proper handling of these claims requires development of spe-

cialized expertise and skills. In the instant case, counsel is a skilled expert in the handling of these cases who has devoted substantial time to the development of his skills.

(4) *The attorney's opportunity costs in pressing the instant litigation*: By investing substantial time to develop the necessary skills to handle these specialized claims, by entering into an agreement to represent the Plaintiff in the instant claim, and by expending a substantial amount of his time representing the Plaintiff in the instant case, counsel has forgone other income-generating opportunities.

(5) *The attorney's expectations at the outset of the litigation*: The Plaintiff and counsel for the Plaintiff entered into a written Employment Contract on December 14, 1976, when the Plaintiff originally retained counsel. This Contract provided that counsel would receive for his services twenty-five (25%) percent of the accrued benefits if the case were awarded and no fee for his services in the event the case was not awarded. Thus, from the outset, counsel expected to receive for his fee twenty-five (25%) percent of the accrued benefits being withheld for the Plaintiff and her dependents if a beneficial result were obtained. In the instant case, twenty-five (25%) percent of the accrued benefits amounts to $7,492.52 which is the exact amount sought by counsel.

(6) *The amount in controversy and the results obtained*: The award of disability benefits to the Plaintiff in the instant case was wholly favorable. As a result, the Plaintiff and her dependents have received accrued benefits of $23,108.26. In addition, the Plaintiff and her dependents are continuing to receive monthly disability benefits which the Plaintiff began receiving when she was 31 years of age. If the Plaintiff remains disabled, then based upon her life expectancy, she will receive benefits until her expected death of approximately $160,-000.00. In addition, the Plaintiff is now covered by Medicare as a result of the favorable decision which will now pay most of the costs for her ongoing medical treat-ment. Thus, for a disabled individual with no income such as were the circumstances of the Plaintiff, the beneficial results of the favorable decision in the instant case to the Plaintiff are obviously substantial. And, the attorney fee being sought constitutes only an inconsequential portion of the total benefits which the Plaintiff will realize as a result of the favorable decision in this case.

(7) *The experience, reputation and ability of the attorney*: Mr. Duggan has been in private practice since September 30, 1972. He is an experienced trial attorney who is a recognized specialist in the field of Social Security disability claims. He has handled over one thousand Social Security disability claims since he began practice. In recognition of his reputation and skill as a specialist in this little known field, Mr. Duggan taught two seminars in the past year for the Continuing Legal Education Division of the South Carolina Bar Association, training other attorneys in the proper methods of handling these claims. In conjunction therewith, he prepared a 425 page manual which included statutes, regulations, cases, articles and other instructional materials for use by the attorneys who attended these seminars. He is currently scheduled to teach a third seminar in this field for the Continuing Legal Education Division later this year. It is apparent to the Court that Mr. Duggan is a skilled specialist in this field who enjoys an excellent reputation.

(8) *The nature and extent of the professional relationship between the attorney and client*: Counsel represented the Plaintiff for over five years before the case was brought to a successful conclusion. He was retained on December 14, 1976 and benefits were finally paid in March, 1982. Throughout this period, the Plaintiff was unemployed and her financial future as well as the possibility of compensation to counsel depended upon the outcome of this case.

(9) *Attorneys' fees awards in similar cases*: This Court is charged with the responsibility of determining counsel's fees in all Social Security cases which come before it. The amount of the fee sought in the instant case is consistent with those awarded by the Court in similar cases.

(10) *Contingency of the fee*: The written Contract which the Plaintiff signed with counsel provided for a contingency fee of twenty-five (25%) percent of the accrued benefits in the event a favorable result was obtained. As the Fourth Circuit correctly pointed out in the *McKittrick* case:

> Availability of lawyers to such claimants is of the highest importance, and if a lawyer is to receive no compensation unless there is an award, his compensation is contingent whether or not he has a contract that says so. Most of the disability claimants have no other resources for the payment of fees. The contingency of compensation, whether it stems from an employment contract or results from the claimant's indigency, is highly relevant in the appraisal of the reasonableness of any fee claim. The effective lawyer will not win all of his cases, and any determination of the reasonableness of his fees in those cases in which his client prevails must take account of the lawyer's risk of receiving nothing for his services. Charges on the basis of a minimal hourly rate are surely inappropriate for a lawyer who has performed creditably when payment of any fee is so uncertain.

In this case, counsel continued to press the case despite the seeming remoteness of the possibility of a favorable result. He continued to actively pursue the claim without compensation for a period in excess of five years. Here the risk of substantial loss to counsel for the Plaintiff is readily apparent. In addition, although counsel is a recognized specialist in this field, he does not win all of these cases and the Court must consider the reasonableness of the fee in light of the time and costs which are lost in those cases where an unsuccessful result is obtained.

## CONCLUSION

The Court also takes note of the fact that the Plaintiff has voluntarily signed a statement indicating her complete satisfaction with the services of her attorney and requesting that the Court award the full fee sought by counsel. Also, the Court takes note of the fact that the Plaintiff signed a written Employment Contract with counsel agreeing to pay counsel twenty-five (25%) percent of the accrued benefits in the event the case was awarded. While this Contract is not controlling upon the Court (see the *McKittrick* case, *supra*), it is, in the Court's view, a factor weighing in favor of an award of a fee consistent therewith. It is the opinion of the Court that a contract should be treated with respect and only deviated from where there is strong justification for so doing. The Court does not find present in the instant case strong justification for deviating from the terms of the Contract entered into by the Plaintiff and her counsel.

Based upon the foregoing analysis, the Court finds and concludes that a reasonable fee for the services of counsel for the Plaintiff in the instant case is $7,492.52.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Defendant pay to counsel for the Plaintiff the sum of $7,492.52.

IT IS SO ORDERED.